**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAUNESI DEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE HOLDINGS, INC. et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-00238-JAR |

**MEMORANDUM AND ORDER**

Shaunesi DeBerry, a self-represented plaintiff residing in Annapolis, Maryland, sues Enterprise Holdings, Inc.; EAN Services, LLC; Chrissy Taylor; and Mike Andrew over claims arising from an allegedly false stolen-vehicle report. (Doc. 1). Because the Court finds that DeBerry is unable to pay the costs associated with this action, the Court grants her motion for leave to proceed *in forma pauperis*. (Doc. 2). Nevertheless, for the reasons discussed below, the Court dismisses the complaint without prejudice.

## I. Background

DeBerry brings this diversity action asserting state-law tort claims. *See generally* Doc. 1. DeBerry alleges that she rented a vehicle from Enterprise on April 6, 2023. (Doc. 1 at 3); (Doc. 1-2 at 1). According to a statement of charges filed by Enterprise employee Anthony Kovach—which DeBerry attached to her complaint as an exhibit, the initial rental agreement required DeBerry to return the vehicle the next day. (Doc. 1-2 at 3).[1] That same document shows that DeBerry repeatedly extended the rental period and that her credit card declined the transaction

[1] Under Federal Rule of Civil Procedure 10(c), exhibits attached to a complaint are part of the pleading for all purposes. The Court may therefore consider DeBerry's exhibits in assessing the sufficiency of her complaint. *See Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

several times. *Id.* at 4. Enterprise attempted to contact DeBerry by phone, email, voicemail, and certified mail over the following weeks. *Id.* On April 27, 2023, an Enterprise manager gave DeBerry a deadline to return the vehicle that day. *Id.* DeBerry refused. *Id.* On April 28, 2023, Enterprise contacted DeBerry's probation agent to report DeBerry's failure to return the vehicle. (Doc. 1 at 3). DeBerry eventually returned the vehicle on May 4, 2023, and Enterprise issued a $0.00 balance invoice. *Id.* Eight days later, on May 12, 2023, Kovach filed an Application for Statement of Charges with the District Court of Maryland regarding DeBerry's failure to return the vehicle. (Doc. 1-2 at 3). U.S. Marshals arrested DeBerry in late June 2023. (Doc. 1 at 3). The State's Attorney later entered a nolle prosequi on all charges. (Doc. 1-2 at 11).

DeBerry alleges that on July 2, 2023, she sent a registered evidence packet to Enterprise's corporate leadership, including Chief Legal Officer Mike Andrew, containing documents showing that DeBerry returned the vehicle. (Doc. 1 at 3–4). She alleges, without any factual support, that Andrew opened the communication multiple times but took no corrective action. *Id.* at 4.

DeBerry asserts seven counts: false arrest (Count I), malicious prosecution (Count II), negligence (Count III), gross negligence (Count IV), intentional infliction of emotional distress (Count V), negligent supervision and ratification (Count VI), and punitive damages (Count VII). *Id.* at 4–5. She seeks $8,000,000 in compensatory and punitive damages. *Id.* at 5.

## II. Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

The Court accepts a self-represented litigant's well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "court should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. Discussion

Even liberally construed, DeBerry's complaint fails to state a claim on which relief may be granted because it relies on legal conclusions and fails to plead sufficient factual content to cross the line from conceivable to plausible. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

DeBerry alleges that she returned the rental vehicle on May 4, 2023, received a zero-balance invoice, and was subsequently arrested because an Enterprise employee filed a criminal complaint against her on May 12, 2023. From this sequence of events, she repeatedly characterizes the criminal complaint as "false" and filed "without probable cause." However, a plaintiff cannot

survive initial review merely by attaching tort labels to an unfavorable sequence of events. *See Iqbal*, 556 U.S. at 678.

To plead a plausible claim for false arrest, malicious prosecution, or intentional infliction of emotional distress, a plaintiff must allege facts demonstrating malice, knowledge of falsity, or extreme and outrageous intentional conduct. *See Rustici v. Weidemeyer*, 673 S.W.2d 762, 767 (Mo. banc 1984) (false arrest requires lack of legal justification); *Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 807 (Mo. banc 1984) (malicious prosecution requires malice and want of probable cause); Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997) (intentional infliction of emotional distress requires extreme and outrageous intentional conduct). DeBerry's complaint lacks such facts. DeBerry does not allege that Kovach knew the vehicle had been returned, nor does she allege facts showing a deliberate corporate coordination to instigate a baseless arrest. Where a complaint's well-pleaded facts are merely consistent with a defendant's liability, or where there is an "obvious alternative explanation" for the conduct, it stops short of the line between possibility and plausibility. *Twombly*, 550 U.S. at 557, 567. Because the complaint at most alleges only an administrative failure that resulted in an arrest, it fails to state plausible claims for intentional torts.

The negligence and gross negligence claims (Counts III and IV) present a closer question because they require only that Enterprise *should have known* the report lacked a factual basis. But the complaint's own exhibits show that Enterprise spent weeks attempting to recover a genuinely overdue vehicle before DeBerry returned it on May 4. The complaint does not allege facts explaining why the filing of charges eight days later constituted a breach of duty rather than the continuation of an enforcement process already underway.

The complaint also fails to state a plausible claim against either individual defendant. The sole allegation against Chrissy Taylor is the conclusory assertion that she "ratified or failed to correct" the conduct of Enterprise's employees. She pleads no facts showing Taylor's knowledge or involvement. As to Mike Andrew, the complaint alleges without factual support that he received and opened DeBerry's evidence packet in July 2023 and took no corrective action. Because Andrew's alleged inaction occurred weeks after the charges were filed and the arrest was executed, the complaint fails to plead that Andrew personally participated in or caused the alleged torts.

Finally, DeBerry styles Count VII as a standalone claim for "punitive damages." Punitive damages are a form of relief rather than an independent cause of action. The Court dismisses Count VII as a separate claim.

Accordingly,

**IT IS HEREBY ORDERED** that DeBerry's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 28th day of September, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE